ROBERT S. BREWER, JR.
United States Attorney
CONNIE WU
Assistant United States Attorney
California Bar No. 297177
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8592

Attorneys for Plaintiff,
United States of America

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA DYLAN TORGISON,<br><br>Defendant. | Case Nos. 20CR3236-JAH<br><br>**JOINT MOTION FOR PROTECTIVE ORDER** |

The parties, United States of America, by and through its counsel Robert S. Brewer Jr., United States Attorney, and Connie Wu, Assistant United States Attorney, and the above-captioned defendant, through his attorney, hereby jointly move pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure for this Court to enter a Protective Order pertaining to pretrial discovery, and to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigations. The parties jointly agree to the following:

(1) that (a) defendant and (b) defendant's counsel of record, and the counsel's assistants and investigators ("the Defense Team"), shall not disclose the substance of any discovery material received from the Government in the above-captioned matter, including all wiretap documents ("the Discovery"), to any third party, unless such material is already

a matter of public record, without prior approval of this Court and notification to the Government;

(2) that the Defense Team may review the Discovery with the defendant only in the presence of a member of the Defense Team, and shall not provide a copy of the Discovery to, or leave a hard copy or electronic copy of the Discovery with, the defendant in any form. The Defense Team is responsible for preventing the defendant from receiving any photographs of the Discovery, "screenshotting" the Discovery, or otherwise obtaining electronic copies or photographs of the Discovery.

(3) that the Discovery produced by the Government may not be copied and/or further disseminated in any way to any other person or entity who is not part of the Defense Team. The Defense Team for this purpose includes counsel for defendant, hired investigator, interpreters, experts, paralegals, legal assistants, and/or law clerks assisting defense counsel in this case.

Nothing contained herein shall prevent the Government, defendant, or the Defense Team, from disclosing such discovery material to any assistants. Assistants for this purpose includes other attorneys working for the Government, the defendant or counsel, government agents (federal, state or local), private investigators, experts, secretaries, law clerks, paralegals, or any other person who is working for the Government or the defendant and his counsel in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior court order and notification to the Government.

Nothing contained herein shall preclude the Government, defendant or the Defense Team, or their respective assistants from conducting an investigation of the facts of this case on behalf of the Government or the defendant. With respect to the Government and its assistants only, nothing contained herein shall preclude the Government from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by the Discovery, or from asking said witnesses if they themselves have made prior

statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, the defendants or their counsel, or their respective assistants, obtain prior permission of this Court.

Should defendant's counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the Government within ten (10) days.

Defense counsel shall be required to communicate the substance of this order and explain it to defendant, all members of the Defense Team, and all assistants before disclosing the substance of the discovery to any of the respective above-mentioned parties.

Respectfully Submitted,

ROBERT S. BREWER JR.
United States Attorney

DATED: 11/30/2020

CONNIE V. WU
Assistant United States Attorney

DATED: 12/02/2020

MARCEL STEWART
Attorney for Defendant
JOSHUA DYLAN TORGISON

3